UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MELTON,<br><br>    Plaintiff,<br><br>v.<br><br>REGIONAL CENTER OF THE EAST BAY, INC.,<br><br>    Defendant. | Case No. 20-cv-06613-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 188 |

Plaintiff Selena Melton and Defendant Regional Center of the East Bay, Inc., have some discovery disputes. ECF No. 188. The Court held a hearing on August 7, 2024, and now issues the following order.

**A.     Original 30(b)(6) Deposition Notice (ECF No. 195-1)**

**1.     Topic 7**

Topic 7 is: "RCEB vendors who have received a Corrective Action Plan, as defined by 17 CCR Section 56056, and the basis of those Corrective Action Plans, 2016-present." Defendant designated and prepared a witness to testify about CAPs for vendors who provide services to deaf consumers. Plaintiff moves to compel as to all RCEB vendors who have received a CAP. Defendant states that it works with more than 3,600 vendors, less than 2.5% of which provides services to deaf consumers.

At the hearing, Plaintiff argued that the full scope of this topic is relevant to how Defendant prioritizes issues for deaf consumers as opposed to issues for hearing consumers, which relates to Plaintiff's claim of systemwide discrimination against deaf consumers. *See* First Amended Complaint (ECF No. 48) ¶¶ 58-63. Plaintiff argues that, for example, if there are few or no CAPs involving a failure to provide appropriate services to deaf consumers, but plenty for

consumers with other types of disabilities, that could go a long way toward showing systemic discrimination. To show discrimination, after all, you have to make a comparison. The problem that emerged at the hearing is that Defendant estimates that there are likely hundreds of its vendors that have received a CAP in this time frame. A human being cannot possibly be prepared to testify as to hundreds of CAPs and the bases for them. Plaintiff's motion to compel is **DENIED** as to this topic without prejudice to serving a narrower deposition topic, which the Court grants Plaintiff leave to serve.

### 2. Topics 19-24[1]

These topics are:

> 19. All facts, witnesses and documents on which you base your contention set forth in Paragraph No. 41 of the Answer to Plaintiff's First Amended Complaint stating RCEB generally and specifically denies "When Ms. Melton moved into Arleen's Group Home, she was not blind. Over her time there, her self-injurious behavior included scratching at her eyes, which led to her becoming completely blind in 2015."
>
> 20. All facts, witnesses and documents on which you base your contention set forth in Paragraph No. 45 of the Answer to Plaintiff's First Amended Complaint stating RCEB generally and specifically denies "that [plaintiff] has never had a meaningful way to participate in creating [her behavioral plan] and that it has never been communicated to her."
>
> 21. All facts, witnesses and documents on which you base your contention set forth in Paragraph No. 47 of the Answer to Plaintiff's First Amended Complaint stating RCEB generally and specifically denies that Plaintiff's one-to-one "aide has never been able to communicate in ASL, except for a one three-month period from September-December 2018, where an ASL-fluent aide was provided in the afternoon and evening only."
>
> 22. All facts, witnesses and documents on which you base your contention set forth in Paragraph No. 50 of the Answer to Plaintiff's First Amended Complaint stating RCEB generally and specifically denies that "neither RCEB nor Arleen's has arranged ASL interpreters for any medical visit, ever. As a result, Ms. Melton is unable to understand or consent to medical or mental health care and cannot communicate effectively about her symptoms or concerns."
>
> 23. All facts, witnesses and documents on which you base your contention set forth in Paragraph No. 69 of the Answer to Plaintiff's

---

[1] These were topics 27-32 in the original deposition notice. The parties refer to them by the different topic numbers assigned in the amended deposition notice (ECF No. 195-2).

2

> First Amended Complaint stating RCEB generally and specifically denies that "neither DDS nor RCEB have written policies to address the need for accommodations for Deaf consumers who use ASL and ensure they have access to effective communication in all life domains."
>
> 24. All facts, witnesses and documents on which you base your affirmative defenses set forth in Paragraph Nos. 1-16 of the Answer to Plaintiff's First Amended Complaint.

These topics would work as interrogatories ("rogs") (though topic 24 might count as 16 rogs) because Rule 33(a)(2) says that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . ." Likewise, Rule 36(a)(1)(A) says that requests for admission can ask about "facts, the application of law to fact, or opinions about either . . ." But Rule 30 does not allow for contention deposition topics like this. Plaintiff's motion to compel is **DENIED** as to these topics.

**B.   First Amended 30(b)(6) Deposition Notice (ECF No. 195-2)**

The amended deposition notice added topic 25: "All Deaf RCEB consumers and the effective communication services they are provided, 2016-present (names and other identifying information need not be provided)."

The parties disagree on whether a second 30(b)(6) deposition notice can be served on an entity without leave of court. However, "the Court need not decide whether leave is or is not required in advance, as the question presented by the parties' joint submission necessarily requires the Court to decide whether plaintiff[] should be permitted to proceed with a second deposition of [defendant] on the noticed topic, effectively deciding whether leave should be given." *Heath v. Google LLC*, 2018 WL 4491368, *3 (N.D. Cal. Sept. 19, 2018).

At the hearing, Defendant explained that identifying all deaf consumers is not as straight forward as one might expect because apparently it does not characterize consumers that way. It appears that Defendant used profound hearing loss or the use of ASL as proxies for who is deaf. Having done that, Defendant estimates it has about 280 consumers who are responsive to this topic. It is impossible for a human being to be prepared to testify about 280 deaf consumers and the effective communication services provided to all of them. Accordingly, Plaintiff's motion to compel on this topic is **DENIED** without prejudice to serving a narrower topic, which the Court

3

grants Plaintiff leave to serve.

**C.      Second Amended 30(b)(6) Deposition Notice (ECF No. 195-3)**

Request for production ("RFP") 2 in this deposition notice asked for "[a]ll Corrective Action Plans, as defined by 17 CCR Section 56056, that RCEB has issued to its vendors from 2014-present." Defendant says it has produced CAPs issued to vendors that provide services to deaf consumers, though it has some additional ones to produce. Defendant contends that producing CAPs for all vendors is unduly burdensome, for the same reasons as discussed above in connection with topic 7.

This is an RFP, not a deposition topic, so the concern about the limits of human memory is not present. Rather, the issue is burden and proportionality. Plaintiff's basic theory is that the CAPs will show what issues Defendant prioritizes. Defendant says there are likely hundreds of responsive CAPs. Producing hundreds of documents is not normally considered burdensome. Defendant says the real issue is how its documents are organized. It says it does not have the CAPs all in one place, so it needs to review each vendor's file to see if there are one or more CAPs for that vendor, and it has 3600 vendors.

Much of Plaintiff's claim of systemwide discrimination focuses on alleged systemic failures to provide appropriate services. *See* FAC ¶ 58. To assess that type of claim, the trier of fact would compare Defendant's legal obligations to its actions, and Defendant's actions toward non-deaf consumers might not be relevant. However, an important part of Plaintiff's systemwide discrimination claim is her allegations that Defendant failed to provide her and other deaf consumers "full and equal enjoyment" of its services (FAC ¶ 106) and that it excluded, denied services, segregated or otherwise treated differently deaf consumers (FAC ¶ 107). That claim involves a comparison between how Defendant treated deaf consumers as opposed to non-deaf consumers. *See also* FAC ¶ 59 (alleging "disparities in services for people who are deaf"). The CAPs Defendant issued will tend to show what concerns it prioritized and are therefore relevant to show whether Defendant addressed concerns for deaf consumers in a similar fashion to how it addressed concerns for hearing consumers. The Court understands that the CAPs may not be dispositive evidence because, for example, there might not be a CAP if a desired service was

4

1 unavailable. But broadly speaking, the CAPs will tend to show the focus of Defendant's corrective efforts, which is relevant to an important aspect of Plaintiff's systemwide discrimination claim.

As for the burden on Defendant, while the Court is sympathetic, it is not Plaintiff's fault how Defendant chooses to organize and maintain its documents. The Court is not ordering Defendant to produce a large number of documents – just a few hundred.

Accordingly, Plaintiff's motion to compel is **GRANTED** on this issue.

### D.  First Set of RFPs (ECF No. 195-5)

RFP 34 sought: "Documents reflecting the number of deaf consumers you serve who reside in group homes, including the names of the group homes. Consumer names other than Plaintiff's may be redacted for confidentiality." RFP 35 asked for: "Documents reflecting the effective communication services provided since 2016 to your deaf consumers in the group homes where they reside. Consumer names other than Plaintiff's may be redacted for confidentiality."

The Court discussed these RFPs with the parties at the hearing. First, Plaintiff is right that Defendant must produce responsive documents and cannot create new ones. This is an RFP, not a rog. Plaintiff is entitled to real documents, not something whose content is created for litigation. On the other hand, producing real documents in their entirety is quite invasive of other deaf consumers' privacy and unnecessarily so. RFP 34 seeks documents reflecting the number of deaf consumers Defendant serves who reside in group homes, including the names of the group homes. That's pretty bare bones information. RFP 35 asks documents reflecting the effective communication services Defendant provided to deaf consumers in the group homes. That doesn't call for personal information about each deaf person. It's an inquiry into what effective communication services Defendant provided. The Court does not believe Defendant would need to produce many documents to provide the information sought by these RFPs. Further, Defendant may redact not only the names of other deaf consumers but also any personal information about them in the documents it produces. To recap, for RFP 34, Defendant must produce documents that show the number of deaf consumers Defendant serves who reside in group homes, including the names of the group homes, and Defendant may redact any personal information about other

deaf consumers in those documents. And for RFP 35, Defendant must produce documents that show the effective communication services Defendant provided to deaf consumers in the group homes, and Defendant may redact any personal information about other deaf consumers in those documents. Defendant may not redact the names of the group homes. The protective order in this action (ECF No. 153) is sufficient to address that particular confidentiality concern.

As discussed at the hearing, Defendant must produce these documents within 30 days. Defendant may seek an extension of time on that deadline on a showing of good cause. Accordingly, Plaintiff's motion to compel as to RFPs 34 and 35 is **GRANTED** as described above.

E.     **Second Set of RFPs (ECF No. 195-9)**

Defendant's responses (ECF No. 195-10) say that it will produce responsive documents for RFPs 46-49, 51-61, 63-64, 67, 69-72, 76-82. For RFP 50, Defendant agreed to produce one specific document that it attached to its responses as Exhibit A. For RFP 62, Defendant agreed to produce one specific document that it attached to its responses as Exhibit B. Defendant did not agree to produce any documents in response to RFPs 65, 66, 68, 73, 74 and 75. Plaintiff moves to compel the unproduced documents that Defendant said it would produce.

As discussed at the hearing, the Court **ORDERS** Defendants to complete its document production for this set of RFPs within 30 days. The Court **ORDERS** Defendant to produce a privilege log for documents it has already produced by August 9, 2024, and to produce a further privilege log for this set of document requests within 30 days.

**IT IS SO ORDERED.**

Dated: August 7, 2024

THOMAS S. HIXSON
United States Magistrate Judge