UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MELTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REGIONAL CENTER OF THE EAST BAY, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-06613-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 210 |

　　　　In ECF No. 197, among other things, the Court granted Plaintiff's motion to compel concerning her request for production ("RFP") 35, which sought "Documents reflecting the effective communication services provided since 2016 to your deaf consumers in the group homes where they reside. Consumer names other than Plaintiff's may be redacted for confidentiality." At the time, the Court expressed its belief that Defendant would not need to produce many documents to provide the information sought by RFP 35. ECF No. 197 at 5.

　　　　The parties now have a dispute over whether Defendant has complied with this portion of the Court's order, and also a dispute over the many redactions Defendant has made to the documents it did produce. ECF No. 210. The parties' joint discovery letter brief, accompanying exhibits, and arguments during the hearing provided the Court with useful information so that the Court now better understands the situation.

　　　　RCEB states that it has had 62 deaf consumers living in group homes in the relevant time frame (2016 to present). RCEB explains that the effective communication needs and services provided to each deaf consumer are highly individualized. In other words, if you want to know what effective communication services were provided to RCEB's deaf consumers, there isn't some policy document that is going to give you a useful answer. You have to look at the services

1    provided to each one of the 62 deaf consumers. And since their needs and the services provided to
2    them can change over time, the only way to definitively know what effective communication
3    services actually were or were not provided is to look at all of the Individual Program Plans
4    ("IPPs") for all of the deaf consumers.[1] This is the critical evidence in the case. And because the
5    services are individualized, a "sample" of IPPs won't be useful because there is no way to know in
6    advance that the sample is representative of anything. Of course, if you had all of the IPPs, you
7    might be able to pick out a few that seem typical of issues that commonly arise, but you can't do
8    that analysis until you have all the IPPs in the first place.

9    RCEB estimates that given the 62 deaf consumers, there are probably a few hundred IPPs
10   in total. Normally, producing a few hundred documents would not count as burdensome, but
11   RCEB argues that the burden lies in finding them and collecting them. They're apparently not all
12   together in some folder or database. Rather, it appears that RCEB will have to do a manual and
13   time consuming search through each consumer's file to find all the IPPs. That effort does seem
14   proportional to the needs of the case, though, because this is the key evidence. These are the
15   documents that will show what effective communication services were or were not provided.
16   Also, it's not Plaintiff's fault that RCEB organizes its documents in a manner that makes it
17   difficult to find things.

18   As for RCEB's redactions, they are so extensive that they deny Plaintiff relevant context to
19   understand the unredacted portions. Looking at Plaintiff's unredacted IPPs (ECF No. 210-1,
20   Exhibits B1 to B4), it is clear that they provide important context to understand her effective
21   communications needs and the services that were provided.

22   Accordingly, the Court **GRANTS** Plaintiff's further motion to compel and **ORDERS**
23   RCEB to produce all of the IPPs for all of its deaf consumers living in group homes from 2016 to
24   the present with only the consumer name and date of birth redacted. RCEB shall produce these
25   documents within 60 days of the date of this order. RCEB may apply for an extension of that

---

[1] Looking at Plaintiff's IPPs (ECF No. 210-1, Exhibits B1 to B4), you can see how they change over time. You can't look at just one IPP per deaf consumer and get the full picture of their needs and the effective communication services that were or were not provided.

2

1  deadline if it can show good cause.
2  **IT IS SO ORDERED.**
4  Dated: October 28, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge