UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MELTON,<br><br>            Plaintiff,<br><br>     v.<br><br>REGIONAL CENTER OF THE EAST BAY, INC.,<br><br>            Defendant. | Case No. 20-cv-06613-YGR  (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 226 |

The parties have filed a joint discovery letter brief at ECF No. 226 in which Plaintiff moves to compel on two issues.

First, Plaintiff moves to compel a second day of deposition for Defendant's Rule 30(b)(6) designee on topic 3 ("The number of deaf consumers you serve, 2016-present.") and topic 4 ("Deaf RCEB consumers who reside in group homes and the effective communication services they are provided, 2016-present."). Defendant objects that the parties did not sufficiently meet and confer before Plaintiff raised this issue. Defendant's argument focuses solely on the days leading up to the filing of the joint discovery letter brief on April 10, 2025. Defendant ignores the parties' previous meet and confer efforts, including Defendant's designation of Ronke Sodipo as the witness on these topics, Ex. D (described as topics 10 and 11); Plaintiff's suspending the first deposition with the stated intent of resuming it on another day, Ex. G; and email correspondence between the parties in which Plaintiff stated that Sodipo was not adequately prepared on these two topics, and demanding another deposition, and Defendant offering additional dates for Sodipo's continued deposition, Ex. H. So, not only did the parties adequately meet and confer on this issue, they reached an agreement.

Similarly without merit is Defendant's reliance on Rule 30, which limits a deposition to

1   one day of 7 hours "[u]nless otherwise stipulated," Fed. R. Civ. Proc. 30(d)(1), because here
2   Defendant did stipulate.  The Court is also largely unwilling to entertain Defendant's substantive
3   arguments that the topics are improper in light of Defendant's previous agreement to provide
4   Sodipo again on these topics.  The Court notes, however, that there are obviously limits on what a
5   person can be expected to learn for a deposition, and the Court assumes Plaintiff's counsel
6   understands that as well.  For topic 4, the Court does not expect the witness to have memorized 62
7   individual files spanning a decade.  The testimony will have to be at a certain level of generality.

8         Second, Plaintiff moves to compel concerning request for production 84, which asked for
9   "[a]ll Progress Reports for deaf consumers living in community care facilities, adult residential
10  facilities and intermediate care facilities from 2016 to present."  Ex. I.  Defendant argues that it
11  doesn't know what a "progress report" is.  However, 17 Cal. Code Regs. § 56026 requires group
12  homes to complete progress reports.  Service level 2 and 3 facilities have to complete them semi-
13  annually, and service level 4 facilities have to complete them quarterly.  17 Cal. Code Regs. §
14  56026(b), (c).  Those are the progress reports Plaintiff seeks.

15        Defendant says it reviewed Plaintiff's file and could not locate a document called
16  "progress report," which is both irrelevant and false.  It's irrelevant because Plaintiff is seeking the
17  documents that are required by regulation, no matter what they are titled.  And it's false because
18  every page in Plaintiff's quarterly report after page 1 is entitled "quarterly progress report."  Ex.
19  K.  Seeming to contradict itself, Defendant then says it has produced several of the progress
20  reports that are required by the regulation.  Plaintiff agrees Defendant has produced some of the
21  progress reports but moves to compel all of them.  She estimates there are at least a thousand of
22  them.

23        The progress reports seem like they are relevant and important evidence.  These reports
24  document group-home clients' progress in achieving their IPP objectives, for the purpose of
25  ensuring that services are effective and needs are being met, which go to core issues in the case.
26  Defendant does not make any argument that these reports are not relevant and makes no burden
27  argument in the joint letter brief.

28        Accordingly, the Court **GRANTS** Plaintiff's motion to compel as to both issues.  For the

United States District Court
Northern District of California

progress reports, Defendant may redact the names and dates of birth of the consumer for consumers other than Plaintiff, provided that the documents are produced in such a way that Plaintiff's counsel can tell which reports refer to the same consumer.

**IT IS SO ORDERED.**

Dated: April 15, 2025

THOMAS S. HIXSON
United States Magistrate Judge